

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00132-CV

**ESCONDIDO RESOURCES II, LLC**,
Appellant

v.

**LAS TINAJAS MINERALS, LTD.**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2020-CVI-000015-D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 30, 2020

AFFIRMED

Escondido Resources II, LLC appeals an order denying its motion to dismiss under the
Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.003. Because
Escondido did not challenge all independent grounds for the trial court's order in its appellant's
brief, we presume the unchallenged ground is meritorious and affirm the order.

### BACKGROUND

Escondido filed a declaratory judgment action against Las Tinajas Minerals, Ltd. (LTM).
The action concerned an assignment of an overriding royalty interest. LTM alleged counterclaims

against Escondido, including trespass to try title and breaches of warranty and covenant. Escondido moved to dismiss LTM's counterclaims under the TCPA, arguing the counterclaims are related to Escondido's exercise of its rights of free speech, association, and petition.

LTM's response rebutted each of these arguments. LTM asserted other reasons why the TCPA did not apply to the counterclaims. Specifically, in several pages of its response, LTM argued its counterclaims implicate commercial speech, to which the TCPA does not apply. The trial court denied Escondido's TCPA motion without stating the grounds. Escondido filed a timely notice of appeal.

## STANDARD OF REVIEW

We review a trial court's denial of a TCPA motion de novo. *Segundo Navarro Drilling, Ltd. v. San Roman Ranch Mineral Partners, Ltd.*, No. 04-19-00484-CV, 2020 WL 4808716, at *2 (Tex. App.—San Antonio Aug. 19, 2020, pet. filed). A TCPA movant must first show by a preponderance of the evidence that the TCPA applies to the challenged legal action. *See id.* A nonmovant, however, may allege the TCPA does not apply to a legal action under the TCPA's exemptions. *Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 884 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). The non-movant has the burden to prove by a preponderance of the evidence that an exemption, such as the commercial speech exemption, applies. *See id.* Only if the TCPA applies to a legal action do we consider whether the non-movant presented the necessary prima facie evidence. *See Segundo Navarro*, 2020 WL 4808716, at *2.

## DISCUSSION

In its appellant's brief, Escondido argues: (1) the 2011 version of the TCPA applies to the entire suit, including LTM's counterclaims;[1] (2) under the 2011 version, LTM's counterclaims are

---

[1] The original suit was filed before the effective date of the 2019 amendments, but the counterclaims were alleged after the effective date.

legal actions to which the TCPA applies because they relate to Escondido's rights of free speech, association, and petition; (3) LTM failed to produce prima facie evidence of each of its counterclaims; and (4) Escondido's limitations defense precludes the counterclaims. In its appellee's brief, LTM disputes every argument, and notes Escondido failed to challenge all independent bases upon which the trial court's order could be affirmed; specifically, the commercial speech exemption. Escondido challenges the commercial speech exemption for the first time in its reply brief.

Under the TCPA's "commercial speech exemption," the TCPA does not apply to legal actions brought against a person primarily engaged in the business of selling or leasing goods or services, when the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer. *Santellana v. CentiMark Corp.*, No. 01-18-00632-CV, 2019 WL 1442228, at *3 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, no pet.) (mem. op.). When, as here, the trial court does not specify the ground on which it relied to deny the motion, "we do not know whether the trial court based its ruling on the commercial-speech exemption." *Id.*

"To succeed on appeal, an appellant must attack all independent grounds that support an adverse ruling." *Id.* "If the appellant does not do so, the appellate court must accept the validity of that unchallenged independent ground and affirm the challenged ruling." *Id.* (quotation marks omitted). "[T]he commercial speech exemption is an independent ground that can fully support a trial court's denial of a motion to dismiss filed pursuant to the TCPA." *Id.*[2] An appellant may waive a "challenge to the applicability of the commercial speech exemption [when it does] not

---

[2] We would reach the same conclusion under either the 2011 or the 2019 version of the TCPA.

address the exemption until its reply brief, and we [will affirm] the trial court's denial of the motion to dismiss on that unchallenged ground." *Id.*

Escondido did not present any issue or argument, or otherwise address, the commercial speech exemption in its appellant's brief. Escondido first addressed the exemption in its reply brief. We hold Escondido waived its challenge to the commercial speech exemption by delaying until its reply brief to address the exemption, which would independently support the trial court's order denying the motion to dismiss. *See id.* at *4; *see also Velzer v. ZB, Nat'l Ass'n*, No. 01-19-00161-CV, 2019 WL 6204909, at *3 (Tex. App.—Houston [1st Dist.] Nov. 21, 2019, pet. denied) (mem. op.) (affirming order involving a TCPA motion when not all bases for the order were sufficiently challenged on appeal); *Duncan v. Acius Grp., LP*, No. 05-18-01432-CV, 2019 WL 4392507, at *6 (Tex. App.—Dallas Sept. 13, 2019, no pet.) (mem. op.) (same); *Morrison v. Profanchik*, No. 05-17-00680-CV, 2018 WL 4090635, at *4 (Tex. App.—Dallas Aug. 28, 2018, pet. denied) (mem. op.) (same); *Morales v. Barnes*, No. 05-17-00316-CV, 2017 WL 6759190, at *5 (Tex. App.—Dallas Dec. 29, 2017, no pet.) (mem. op.) (same). We must therefore accept the validity of the unchallenged commercial speech exemption as a ground that would independently support the trial court's order. *See Santellana*, 2019 WL 1442228, at *3.

## CONCLUSION

We affirm the trial court's order.

Luz Elena D. Chapa, Justice